**Signed and Filed: October 19, 2015**

**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. 13-31018 HLB |
| | ) |
| SIMA GEREVICH and | ) Chapter 13 |
| MICHAEL GEREVICH, | ) |
| | ) |
| Debtors. | ) |
| _____ | ) |
| SIMA GEREVICH and | ) Adv. Proc. No. 14-03056 HLB |
| MICHAEL GEREVICH, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| ANNIE LI SUN, as Trustee of the | ) |
| Annie Li Sun Revocable Trust, | ) |
| and ANNIE LI SUN | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

### MEMORANDUM DECISION AFTER TRIAL

The Court held a trial in this matter on June 10, 2015, after which the parties filed supplemental briefs. Upon due consideration of all relevant pleadings, evidence, and argument of the parties, and for the reasons that follow, the Court rules that Defendants' claim shall be allowed in the reduced amount of $27,312.21. The Court further finds and concludes that Plaintiffs were in default at the time they attempted to exercise the Lease Option and the Lease therefore expired by its terms on June 30, 2014.

## JURISDICTION

This is an objection to claim pursuant to 11 U.S.C. § 502(a) and (b). Jurisdiction exists under 28 U.S.C. § 1334. Venue is proper under 28 U.S.C. § 1409(a). The District Court has generally referred these matters to the Bankruptcy Court for hearing pursuant to 28 U.S.C. § 157(a) and United States District Court, Northern District of California General Order 24. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Plaintiffs have expressly consented to entry of final judgment by this Court. Defendants have impliedly consented to entry of final judgment by this Court by participating through trial and post-trial briefing. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.), 702 F.3d 553, 569 (9th Cir. 2012), aff'd, Exec. Benefits Ins. Agency v. Arkison, 134 S.Ct. 2165, 2175 (2014).

## BACKGROUND

This matter centers on a dispute between landlord-Defendants Annie Li Sun individually and as trustee of the Annie Li Sun Revocable Trust and tenants-Plaintiffs Sima and Michael Gerevich. Plaintiffs leased commercial property located at 554-556 Commercial Street, San Francisco, California, 94111 (the "Property") from Defendants in June 2006, pursuant to an assignment of the original Lease between Defendants and Vena Shotiveyarana. Consistent with the Lease, Plaintiffs operated a restaurant/café on the Property.

On March 23, 2013, the Property suffered damage due to a fire. Defendants required Plaintiffs to vacate the Property for renovations. Plaintiffs vacated the premises on April 29,

2013, the same day they filed the underlying bankruptcy case.
Defendants filed a proof of claim on August 23, 2013 claiming
$36,313.24 for "lease arrears," which includes property taxes
and insurance for the years 2009-2012 (with a note indicating
that Defendants waived such charges for 2008), a water bill, a
sump pump repair bill, the cost of removal of items abandoned
by Plaintiffs, and attorney fees.  Defendants filed an amended
proof of claim on November 26, 2015 claiming $33,911.60 for the
same itemized "lease arrears," but reflecting a $5,000 credit
for payments made.

　　　Plaintiffs filed this adversary proceeding on May 16,
2014, asserting ten causes of action:  Disallowance of Claim;
Negligence and Negligence Per Se; Negligent Hiring,
Supervision, and Retention of Unfit Contractor; Breach of
Contract; Waste; Breach of Fiduciary Duty; Nuisance;
Accounting; Unfair Business Practices in Violation of Section
17200 et seq. of the California Business and Professions Code;
and Declaratory Relief.  At a status conference hearing on
March 5, 2015, the Court ruled that it would only determine the
Disallowance of Claim cause of action and would abstain from
the remaining state law causes of action.

　　　Plaintiffs argue that Defendants' proof of claim should be
disallowed in its entirety because:  (1) Defendants failed to
attach supporting documentation to the claim; (2) Defendants
did not make demands for payment of property taxes and
insurance in accordance with the terms of the Lease; (3) demand
for payment of property taxes and insurance incurred prior to
August 23, 2009 is barred by the statute of limitations; (4)

the claim includes amounts which should be abated pursuant to the terms of the Lease; (5) Defendants improperly billed for property taxes and insurance on a calendar year, rather than fiscal year; (6) Defendants waived payment of property taxes and insurance for 2008 and 2009 property tax years; (7) the claim for attorney fees is barred by California Civil Code Section 1950.8(b); (8) certain offsets should be applied; and (9) Plaintiffs properly exercised their Lease Option.[1]

Defendants respond that: (1) claimed amounts were adequately set forth through evidence and testimony at trial (2) all relevant demands for payment were properly made, and even if they were not, Plaintiffs actually received the demands and made payments accordingly, thereby waiving this argument; (3) Plaintiffs waived the statute of limitations defense by not raising it in the answer; (4) a fiscal-year accounting was not required by the Lease; (5) Defendants did not waive the property taxes and insurance billed for 2009 calendar year; (6) the attorney fees are allowed pursuant to California Civil Code Section 1950.8(e); and (7) Plaintiffs defaulted on the Lease

---

[1] In their trial brief, Plaintiffs challenged the $2,224.94 demand for removal of Plaintiff's abandoned items which was not included in the complaint. The Court expressly excluded any argument regarding the charge for removal of Plaintiff's abandoned items at trial. Plaintiffs also argued in their trial brief that Defendants billed incorrectly for certain property tax bills; i.e., that Defendants' billing did not match the amounts billed by the tax assessor. Plaintiffs, however, introduced no evidence at trial to support this argument and did not include any improper billing in their post-trial brief calculations. Accordingly, the Court deems this argument waived. Finally, Plaintiffs argue that the claim for a plumbing bill should be disallowed because the plumbing issue was caused by the fire, whereas Defendants argue that the plumbing issue existed prior to the fire. The Court need not address these arguments because, as discussed below, the Court finds that regardless of the cause of the plumbing issue, the bill should have been abated by the terms of the Lease.

terms by not paying property taxes and insurance and were therefore precluded from exercising the Lease Option. Defendants did not address the abatement, property tax refund, or offset issues. The Court addresses each of Plaintiffs' arguments in turn.

**DISCUSSION**

A proof of claim that is executed and filed in accordance with the Rules "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); Pierce v. Carson (In re Rader), 488 B.R. 406, 416 (B.A.P. 9th Cir. 2013). A proof of claim based on a writing must include a copy of the writing. Fed. R. Bankr P. 3001(c)(3).

A claim "is deemed allowed, unless a party in interest ... objects." § 502(a). Section 502(b)(1) disallows any claim that is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450 (2007). State law governs the substance and validity of claims. Id. Although the creditor bears the ultimate burden of persuasion, the debtor must come forward with evidence to rebut the presumption of validity. Id. at 1248. If the debtor rebuts the presumption, the creditor bears the burden of showing the claim should be allowed. Litton Loan Servicing v. Garvida (In re Garvida), 347 B.R. 697, 707 (B.A.P. 9th Cir. 2006). The burdens must be met by a preponderance of the evidence. Id. at 708

**Documentation to Support Claim**

Plaintiffs assert that Defendants' claim should be disallowed because it failed to attach the Lease and invoices which form the basis for the claim. Defendants argue, and the Court agrees, that all relevant documents have been introduced into evidence. While failure to attach documents may preclude a claim from earning the presumption of validity under Rule 3001(f), noncompliance with Rule 3001(c) is not one of the statutory grounds for disallowance. (Heath v. Am. Express Travel Related Services Co.) In re Heath, 331 B.R. 424, 435 (B.A.P. 9th Cir. 2005). Accordingly, the Court **OVERRULES** the objection to claim on the grounds of inadequate documentation.

**Form and Manner of Demand for Payments**

Plaintiffs argue generally in their trial brief that Defendants' demands for property taxes and insurance did not comport with the express terms of the lease. In their post-trial brief, Plaintiffs make for the first time specific assertions that the demands were not timely, did not include required invoices, and were not properly served by certified mail. Defendants assert that the demands were timely and properly made.

When a bankruptcy court adjudicates a contract claim, the court applies state law to the contract dispute unless the Bankruptcy Code[2] requires otherwise. Merced Production Credit Ass'n v. Sparkman (Matter of Sparkman), 703 F.2d 1097, 1099 (9th Cir. 1983). A lease agreement establishing a landlord-

---

[2] Title 11 of the United States Code, 11 U.S.C. § 101, et seq.

tenant relationship is a contract and is subject to the general rules governing the formation and interpretation of contracts. ASP Properties Grp. v. Fard, Inc., 35 Cal. Rptr. 3d 343, 350 (Ct. App. 2005).  Under California law, the clear and explicit meaning of contract provisions, interpreted in their ordinary and popular sense, controls judicial interpretation.  Id. at 351.

Both parties agree that the Lease and Assignment of Lease provide the terms by which Defendants were required to make demands for payment of property taxes and insurance.  The Lease and Assignment of Lease contain the following relevant language:

> Lease, Paragraph 6:
> Said taxes and insurance shall be paid to Lessor by Lessee not later than thirty (30) days after Lessor has made written demand therefor, which demand shall be accompanied by the applicable tax bill or insurance premium invoice, which documents shall indicate that such amounts have been paid or are payable by Lessor with sixty (60) days.  Any taxes and insurance for the Lease years in which this Lease commences and terminates shall be prorated between Lessor and Lessee to the end that Lessee shall only pay such portion of such taxes and insurance as are included within the terms of this Lease.

> Lease, Paragraph 7:
> Notices:  All notices, consents, waivers or other communications which this Lease requires or permits either party to give to the other shall be in writing and shall be served personally, by facsimile, or forwarded via registered or certified United States Mail, return receipt requested, responsible overnight courier, made upon or addressed to the respective parties as follows [addresses listed] or to such other addresses as a party may designate by written notice to the other party in the manner herein provided.

> Lease, Paragraph 7.1:
> Any notice sent pursuant to this Section shall be deemed given on the date received.  If any notice is transmitted by facsimile transmission or similar means, the same shall be deemed served or delivered upon telephone confirmation of receipt of the transmission thereof, provided a copy is

Case: 14-03056   Doc# 58   Filed: 10/19/15   Entered: 10/19/15 12:08:17   Page 7 of 21

also delivered via delivery or mail.  If notice is received on a Saturday, Sunday or legal holiday, it shall be deemed received on the next business day.

Assignment of Lease, paragraph 15:
Notices shall be delivered either by hand delivery or certified mail with return receipt to the following addresses unless otherwise notified of a change by written notice to the Lessor.

Lease, paragraph 29:
(c) The language in all parts of this Lease shall in all cases be simply construed according to its fair, meaning and not strictly for or against Lessor or Lessee.
(d) [T]his Lease shall be construed and enforced in accordance with the laws of the State of California.

Timeliness of Demands

Plaintiffs argue that Defendants' written demands for payment of property taxes and insurance were not timely because they included demands for payment of invoices which had been paid by Defendants more than sixty days prior to the demand. Plaintiffs rely on language in paragraph six of the Lease which requires that a demand for payment "shall be accompanied by the applicable tax bill or insurance premium invoice, which documents shall indicate that such amounts have been paid or are payable by Lessor with sixty (60) days."  In response, Defendants simply express their bafflement with Plaintiffs' argument and assert that it is incorrect.

The Court finds that the most ordinary and logical reading of the Lease is that Defendants could only demand payment of invoices that Defendants had actually paid, or invoices that would come due within sixty days of the demand.  This interpretation is consistent with Defendants' billing practices:  Defendants billed for the property tax and insurance invoices they had actually paid during the prior calendar year.  The fact that Plaintiffs did not explicitly

raise the timeliness of the demands until their post-trial briefing suggests to the Court that their argument is based on legal strategy rather than Plaintiffs' understanding at the time they entered into the Lease. Regardless, Plaintiffs presented no evidence that at any time they understood that the Lease required Defendants to make a demand for payment within sixty days of having paid an invoice, or that they challenged this billing practice at any point prior to filing bankruptcy. Regardless, the Court finds no language in the Lease or Assignment of Lease providing a deadline for Defendants to demand payment. Under the terms of the Lease, therefore, Defendants could make a demand for payment as late as the time of filing the proof of claim in this case. Accordingly, the Court **OVERRULES** the objection to claim based on the timeliness of the demand letters.

Form of Demands

Plaintiffs argue that the demands were ineffective because they did not attach relevant invoices as required by the terms of the Lease. Defendants respond that all amounts due have been established through evidence at trial. As to whether the original demand letters included the required invoices, Court finds the evidence inconclusive. The initial demand letters (as opposed to those requesting past due amounts) reference attached invoices. Ms. Gerevich testified that some demand letters had invoices attached and some did not. Accordingly, the Court finds that Plaintiffs have not proven by a preponderance of the evidence that the demand letters did not attach the required invoices. Regardless, the Court finds that

Case: 14-03056   Doc# 58   Filed: 10/19/15   Entered: 10/19/15 12:08:17   Page 9 of 21

all relevant invoices are now in evidence in support of Defendants' proof of claim and **OVERRULES** the objection to claim as to the form of the demand letters.

Service of Demands

Plaintiffs argue that the payment demands were not proper because they were not served by certified mail as required by the Lease and the Assignment of the Lease. Defendants respond that the certified mail requirement only applied to legal notices, and that Plaintiffs actually received the demands for payment and responded to them, which moots the argument of improper service.

The Court finds that the plain language of paragraph 7 of the Lease and paragraph 15 of the Assignment of Lease requires service of the demand letters by certified mail, or by other means not applicable here. Defendants did in fact serve at least two demand letters by certified mail as evidenced by Defendants' Exhibit I, a demand letter dated March 7, 2012 with certified mail receipt attached, and by Plaintiffs' concession that a February 5, 2013 letter was sent by certified mail. The evidence also shows that Plaintiffs actually received some, if not all, of Defendants' demand letters, and in response to those letters, made partial payments on the amounts demanded. Finally, as noted, the Lease does not set a deadline for demanding payment of taxes or insurance. So, even if some of the demand letters were not properly served by certified mail, Defendants filed a timely proof of claim setting forth their demand. The Court finds that Plaintiffs suffered no prejudice

due to any improper service of the demand letters and **OVERRULES** Plaintiffs' objection on that basis.

**Statute of Limitations**

Plaintiffs argue that demand for payment of any invoice prior to August 23, 2009; i.e., four years prior to the date Defendants filed their proof of claim, is barred by California's four-year statute of limitations for a contract claim. Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 792 (9th Cir. 2012) ("A four-year limitations period applies to "[a]n action upon any contract, obligation or liability founded upon an instrument in writing.") (quoting Cal. Civ. P. Code 337(1).)

Defendants argue that Plaintiffs waived this defense to the proof of claim by not raising it until trial. The Court agrees with Defendants. Plaintiffs did not affirmatively plead the statute of limitation in their complaint, nor did they address it in their opening brief, trial evidence, or opening argument. The first time Plaintiffs mentioned the statute of limitations was in their closing argument. The Court finds that raising the statute of limitations in a closing argument is prejudicial to Defendants, who had no opportunity to submit evidence, or for that matter, conduct any discovery with respect to this argument, and that the statute of limitations defense to the proof of claim has therefore been waived. Rivera v. Anaya, 726 F.2d 564, 566 (9th Cir. 1984) (recognizing that a defense may be waived if raised for the first time late in litigation and if the opposing party would be prejudiced by the assertion of such defense).

**Abatement**

Plaintiffs argue that pursuant to the Lease, property tax and insurance payments were abated as of March 23, 2013 when the fire interrupted Plaintiffs' use and possession of the Property. Defendants do not address this argument.

Paragraph 18.6 of the Lease provides as follows:

> 18.6 Abatement of Rent: Lessee's Remedies.
> (a) In the event of damage described in Paragraphs 18.2 and 18.3 [insured partial damage and uninsured partial damage], whether or not Lessor or Lessee repairs or restores the Premises, the rent, Real Property Taxes, insurance premiums, and other charges, if any, payable by Lessee hereunder for the period during which such damage, its repair or the restoration continues (not to exceed the period for which rental value insurance is required under Paragraph 10(f)), shall be abated unless such damage was caused by a willful act of Lessee.

The Court finds that the plain language of the Lease provides for abatement of the property taxes and insurance premiums from the date of the fire on March 23, 2013 through to the petition date, during which time Plaintiffs did not have use of the Property. The Court also finds that the water bill and plumbing bill were charged to Plaintiffs during the abatement period and should therefore be disallowed. Accordingly, the Court **SUSTAINS** the objection to claim with respect to the issue of abatement.

**Fiscal vs. Calendar Year Billing**

Plaintiffs argue that Defendants' claim for property tax and insurance should be barred because Defendants base their calculation of these amounts on the calendar years, rather than the fiscal years, for which property taxes and insurance were actually billed. Defendants argue that Plaintiffs have pointed

to no authority or Lease provision that require an accounting by fiscal year.

While the Court agrees with Defendants in principle, the Court finds that the calendar year billing resulted in billing for time during which the property taxes and insurance should have been abated under the terms of the Lease; i.e., between the date of the fire (March 23, 2013) to the petition date (April 29, 2013). The Court also finds that the calendar year billing resulted in a claim for a post-petition portion of the property taxes and insurance which should have been prorated out of the claim. Specifically, the claim for property tax for the tax period July 1, 2012 through June 30, 2013 was based on pre-petition invoices paid in November 2011 and February 2012, but which covered post-fire and post-petition period through June 30, 2013. Similarly, the claim for insurance for the period September 29, 2012 through September 28, 2013 was based on a pre-petition invoice paid in 2012, but covered post-fire and post-petition period through September 28, 2013.

In addition, because the 2012 demand covers property taxes and insurance paid through to the date of the fire, the demand on the proof of claim for property taxes and insurance for the period of January 1, 2013 through April 28, 2013 is a duplicate claim and will be disallowed.

Accordingly, the Court **SUSTAINS** the objection to the claim based on calendar billing, but only with respect to the claims for 2012 and 2013 property taxes and insurance as set forth above.

**Waiver of 2008 and 2009 Property Taxes and Insurance**

Plaintiffs assert that Defendants expressly waived property taxes and insurance billed for 2008 and 2009, citing to the testimony of Mr. Casey and Ms. Sun. Defendants agree that they waived property taxes and insurance for 2008 but deny that they waived them for 2009. The Court finds that Defendants did not waive the property taxes and insurance that were billed in 2009. Mr. Casey, the Property manager, testified that there was documentation from the previous Property manager, Mr. Clark, that property taxes and insurance for the 2008-2009 year had been waived. Ms. Sun testified that based on Mr. Clark's notes, it appeared that 2008 and 2009 property taxes and insurance had been waived. On cross examination, Ms. Sun testified that she did not waive any property taxes or insurance for the year 2009. The January 12, 2012 demand letter sent by Defendants' attorney, Ms. Lee indicates that the 2008 property taxes and insurance had been waived, as does the Defendants' proof of claim. Neither document waives the 2009 property taxes and insurance.

The Court finds that the weight of the evidence demonstrates that Defendants waived the property taxes and insurance for the 2008-2009 property tax and insurance year to the extent that invoices for that period were paid for in 2008, but did not waive any invoices that Defendants paid in 2009. As Plaintiffs point out, Defendants' demands for payment were based on payments made during a calendar year. Defendants paid the 2008-2009 insurance premium when it came due in 2008. Defendants paid the 2008-2009 property tax payments when they

came due in 2008.  Those payments were waived, as reflected in
the proof of claim.  Accordingly, the Court **OVERRULES** the
objection to claim based on waiver of the 2008 property taxes
and insurance as moot, and on waiver of the 2009 property taxes
and insurance as not supported by the evidence.

**Attorney Fees**

Plaintiffs argue that the demand for $2,000 attorney's
fees is in direct violation of California Civil Code section
1950.8(b).  Defendants argue that the attorney's fees are
allowed by California Civil Code section 1950.8(e).  The Court
agrees with Defendants.

California Civil Code section 1950.8(b) provides:

> It shall be unlawful for any person to require, demand, or
> cause to make payable any payment of money, including, but
> not limited to, "key money," however denominated, or the
> lessor's attorney's fees reasonably incurred in preparing
> the lease or rental agreement, as a condition of
> initiating, continuing, or renewing a lease or rental
> agreement, unless the amount of payment is stated in the
> written lease or rental agreement.

California Civil Code section 1950.8(e) provides:

> Nothing in this section shall prohibit any person from
> charging a reasonable amount for the purpose of conducting
> reasonable business activity in connection with
> initiating, continuing, or renewing a lease or rental
> agreement for nonresidential real property, including, but
> not limited to, verifying creditworthiness or
> qualifications of any person seeking to initiate,
> continue, or renew a lease or rental agreement for any use
> other than residential use, or cleaning fees, reasonably
> incurred in connection with the hiring of the real
> property.

There was little evidence or testimony as to the basis for
the $2,000 attorney fee, but all evidence submitted suggests
that the $2,000 fee falls within California Civil Code section
1950.8(e) for reasonable business activity in connection with

Case: 14-03036   Doc# 58   Filed: 10/19/15   Entered: 10/19/15 12:08:17   Page 15 of
21

initiating a non-residential lease.  Ms. Gerevich testified
that she understood that it was a charge for preparing a new
lease; i.e., to transfer the Lease to a potential buyer.  She
testified that in connection with Defendants' consideration of
the potential buyer, buyer's broker submitted a full package of
financial background documents to Defendants or their attorney,
Ms. Lee for review.  Mr. Casey testified that the $2,000 bill
was for work Ms. Lee did to review potential replacement
tenants for the Property.  The proof of claim states that the
$2,000 fee was for administrative fees due from Plaintiffs for
their unsuccessful attempt to sell the business in 2012.
Plaintiffs make much of the fact that the sale to the new buyer
did not materialize; however, that does not mean Defendants did
not incur expenses during the process of reviewing the
potential buyer's offer.  Plaintiffs offered no evidence or
argument to suggest that the fees were unreasonable.
Accordingly, the Court **OVERRULES** the objection to claim based
on violation of California Civil Code section 1950.8(b).

     **Offsets**

     Plaintiffs assert that the claim should be offset for:
(1) property tax refunds; (2) a payment Plaintiffs made for
post-petition property tax and insurance; and (3) payments made
to Defendants by the Chapter 13 trustee.

     Property Tax Refund

     Plaintiffs assert that Defendants received property tax
refunds which were not credited to Plaintiffs' account.
Defendants do not address this argument.  The Court finds,
however, that Plaintiffs failed to establish at trial that the

checks Defendants received from the City and County of San Francisco were a tax refund for the Property.  The checks do not reference the Property; the number on the checks does not correspond exactly with the account number on the property tax payment vouchers, and Ms. Sun testified that she received the checks from her attorney and deposited them, but did not know what the checks were for.  Accordingly, the Court **OVERRULES** the objection to claim with respect to any alleged property tax refund.

### Post-Petition Payment

Plaintiffs ask the Court to offset the proof of claim by $5,488.34 for a post-petition payment made to Defendants for 247 post-petition days of property taxes and insurance.  The Court **DENIES** the request because Defendants' claim as it will be allowed will encompass only pre-petition debt.

### Payments by Chapter 13 Trustee

Plaintiffs also ask the Court to offset the proof of claim by the amount the Chapter 13 Trustee has paid to Defendants through the Plaintiffs' Chapter 13 plan.  The Court **DENIES** the request because Defendants' claim as it will be allowed will be based upon pre-petition debt, not post-petition payments which the Chapter 13 Trustee will track until the allowed claim is paid in full.

**Lease Option**

Plaintiffs object to the statement on the proof of claim that "Commercial Lease expires on June 30, 2014" on the grounds that the Lease includes a five-year extension option ("Lease Option") which Plaintiffs timely exercised.  Plaintiffs assert

that no defaults existed to prevent Plaintiffs from exercising
the Lease Option and that the parties affirmatively agreed to
extend the Lease.  Defendants argue that Plaintiffs were in
breach of the Lease when they failed to pay property taxes and
insurance, and the breach precluded them from validly
exercising the Lease Option.  Defendants assert that they have
not waived any terms of the Lease, and that the only reason
Plaintiffs still have possession of the Property is because the
automatic stay prevents Defendants from evicting them.

The Lease contains the following relevant language:

Lease, Paragraph 1.2
Option. Lessee shall be provided with one (1) five (5)
year options to renew the lease provided no default under
this Lease has occurred and is continuing at the time
notice is given or at the expiration of the then current
Lease term, Tenant shall have the rights and option,
exercisable by giving written notice via certified mail
thereof at least six months/one hundred and twenty (120)
days prior to the expiration of the then current lease
term, to extend the lease as stated in the Option to Renew
on the cover page. Upon the giving of such notice, this
Lease shall automatically be extended for such period and
no instrument of extension need be executed. In the event
that Tenant fails to give such notice to Landlord as
herein provided, this Lease shall automatically terminate
at the end of the then current Lease term and Tenant shall
have no further light or option to extend this Lease. As
used in this Lease, the Phrase "Lease term" shall mean the
original Lease term and any extended term.

Lease, Paragraph 22
Waiver. . . .The subsequent acceptance of rent hereunder
by Lessor shall not be deemed to be a waiver of any
preceding breach by Lessee of any term, covenant or
condition of this Lease, other than the failure of Lessee
to pay the particular rental so accepted, regardless of
Lessor's knowledge of such preceding breach at the time of
acceptance of such rent No covenant, term or condition of
this Lease shall be deemed to have been waived by Lessor,
unless such waiver be in writing by Lessor. The mere fact
that the Lessor after notice of breach did not act, or
that time has passed after notice of breach before the
Lessor acted, shall not be any evidence of waiver under
this Lease.

Case: 14-05036   Doc# 58   Filed: 10/19/15   Entered: 10/19/15 12:08:17   Page 18 of 21

The Court finds that, six months prior to the expiration of the Lease (December 30, 2013), Plaintiffs were in default under the Lease because they owed pre-petition property taxes and insurance and had not cured the default. Plaintiffs still have not cured the default. Pursuant to the plain language in the Lease, Plaintiffs were precluded from validly exercising the Lease Option. Plaintiffs presented no evidence that Defendants had waived in writing the no-default requirement to exercise the Lease Option. Accordingly, the Court **OVERRULES** the objection to the statement in the proof of claim that the Lease expires on June 30, 2014.

**CONCLUSION**

Based on the foregoing, the Court has calculated the amount due to Defendants as follows:

| | |
|---|---|
| Amount due on amended proof of claim: | $33,911.60 |
| Disallowed taxes/insurance for 1/1/13-4/28/13 | <$2,598.36> |
| Abated insurance for 3/23/13 – 9/28/13 | <$1,646.33> |
| Abated taxes for 3/23/13 – 6/30/13 | <$971.53> |
| Abated plumbing bill | <$895.00> |
| Abated water bill | <$488.17> |
| **TOTAL ALLOWED AMOUNT** | **= $27,312.21** |

Accordingly, Defendants' claim will be allowed in the amount of $27,312.21 with the language that "Commercial Lease expires June 30, 2014."

1    Plaintiffs shall submit a form of judgment consistent with
2    this decision within 10 business days following entry of this
3    decision.

5                        **END OF ORDER**

## Court Service List

[None]